## Case No. 14,676.

### UNITED STATES v. BRUCE.

[2 Cranch. C. C. 95.] [1]

Circuit Court, District of Columbia. Dec. Term, 1813.

#### SLAVERY—MANUMISSION.

An informal instrument of manumission, accompanied by an actual manumission of the defendant before the commission of the offence charged, followed by a formal deed of manumission after the commission of the offence, is sufficient evidence that the defendant was not a slave at the time of committing the offence.

[Cited in U. S. v. Charles, Case No. 14,786; U. S. v. Gray, Id. 15,252.]

Indictment under the statute of Maryland, 1751, c. 14, for conspiring with Negro Charles to burn Mrs. Love's house. Charles having been convicted and pardoned. United States v. Charles [Case No. 14,786]. The indictment charged the defendant [Jacob Bruce] as a slave. The statute makes it a capital offence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Jones, for the United States, offered Charles, a slave, as a witness.

John Lee, D. Forest, and Mr. Law, for defendant, objected that by the Maryland law of 1717, c. 13, § 3, no slave can be a witness even against a slave, in a capital case.

Mr. Jones. The statute of 1751, c. 14, upon which this prosecution is founded, admits slaves to be witnesses.

The counsel for the defendant, contended that he was not a slave at the time of committing the offence; and as evidence of his freedom, offered an informal paper, purporting to be an instrument of manumission, and evidence that he was actually set free before the commission of the offence by Mr. John M. Goldsborough, his master, for his faithful services; and a formal deed of manumission, executed after the commission of the offence, agreeably to the provisions of the Maryland law, 1796, c. 67.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that as between the master and slave, the informal paper, with actual manumission, was valid, and that the defendant could not be convicted as a slave under the act of assembly.